IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DARRELL VIGIL,

    Plaintiff,

CASE NO.:

-vs-

WELLS FARGO HOME MORTGAGE, d/b/a
WELLS FARGO BANK, N.A.,

    Defendant.
_____/

# COMPLAINT

Plaintiff, DARRELL VIGIL, by and through her undersigned counsel, sues the Defendant, WELLS FARGO HOME MORTGAGE, d/b/a WELLS FARGO BANK, N.A. (Hereinafter "WELLS FARGO"), and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA")

## INTRODUCTION

2. The TCPA was enacted to prevent companies like WELLS FARGO from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall."' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.  This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.      Venue is proper in this District because the Plaintiff resides in this District (State of Colorado), the phone calls were received in this District, and the Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person, and citizen of the State of Colorado, residing in Rio Blanco County, Colorado, and resides in this District.

11.     Defendant is corporation with a principal place of business and/or office for transacting its business located at 420 Montgomery Street, San Francisco, CA 94104.

12.     The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Colorado, by the Defendant's placing of illegal calls to Plaintiff while he resided in the State of Colorado.

13.     Defendant has a registered agent in the State of Colorado at: Corporation Service Company, 1560 Broadway Ste 2090, Denver, CO, 80202.

14.     Defendant, at all material times, was attempting to collect on a home mortgage (hereinafter the "subject account"), which was issued and serviced by Defendant.

15.     Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately April, 2013 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16.     Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded

3

voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that almost every call he heard a pause before being connected to Defendant's representative.

17. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

18. Sometime around April 2013, Plaintiff requested Defendant to stop calling him therefore revoking any previously given express consent to be called using an ATDS, Predictive Dialer, Pre-recorded message or artificial Voice.

19. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after April, 2013, was done so after he had revoked consent and without the "express consent" of the Plaintiff.

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (970) ***-3224, and was the called party and recipient of Defendant's autodialer calls.

21. The autodialer calls from Defendant came from the telephone numbers including but not limited to 800-678-7986 and 909-890-4592; and when that number is called, an automated voice answers and identifies itself as "Wells Fargo Home Mortgage"

22. After receiving numerous autodialer calls since April, 2013 to his cellular telephone number from Defendant, Plaintiff spoke to a Representative of Defendant on Friday, March 13, 2015, during which he had a conversation with Representative Angela Owens, ID: YUQ. Ms. Owens admitted that the calls were automated and asked Plaintiff if he "wanted the calls stopped?" Plaintiff immediately responded "Yes!"

23. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

24. Plaintiff continued to answer the calls and inform Defendant to stop calling. Plaintiff spoke to a Representative of Defendant on April 1, 2015, during which he had a conversation with Representative Antonio, ID: JU4. Plaintiff again requested that Defendant stop calling.

25. The autodialer calls from Defendant continued, on average, three (3) times a day from April, 2013, through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

26. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

27. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond April, 2013, when Plaintiff first advised Defendant to stop calling Plaintiff.

28. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

29. Defendant's corporate policy provided no means for the Plaintiff to have her cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

30. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued in Federal Court over forty-nine (49) times in the past 22 months for alleged violations of the TCPA.

31. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

32. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

33. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

**COUNT I**
**(Violation of the TCPA)**

34. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-two (32) above as if fully stated herein.

35. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent,

37. The Defendant willfully and/or knowingly violated the TCPA, _especially_ for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant on March 13, 2015, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him, and told Defendant to stop calling him.

38. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, WELLS FARGO HOME MORTGAGE, d/b/a WELLS FARGO BANK, N.A, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ William Foster
William Foster, Esquire
Foster Law Group, P.C.
3515 South Tamarac Dr. #200
Denver, CO 80237
Tele:  (303) 297-7729
Attorney for Plaintiff
WFoster@fwlawgroup.com